UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO: 7:21-CR-29 |
| ) | |
| JONATHAN G. HARDIN ) | |

PROTECTIVE ORDER

Upon consideration of the Government's Motion for a Protective Order Governing Discovery, the Government's Motion is **GRANTED**. Accordingly, for any discovery provided in this case:

(1) The parties shall only identify the alleged victims by Minor Victims # 1, 2 or 3 in any publicly filed document;

(2) Any documents, electronic records, and other information that the Government provides to the "Defense Teams" (defendants, their counsel, and others employed or retained to assist counsel as necessary for the defense of this matter) as part of its discovery obligations shall be referred to herein as "Protected Documents" and be subject to the following provisions:

a. The Protected Documents will not be disclosed to any individuals outside of the Defense Team except pursuant to this Protective Order, by agreement of the parties, or by further order of the Court;

b. Defense counsel will be responsible for ensuring that all members of the Defense Team, including experts, are provided with a copy of this Protective order, are advised of its terms, and agree to be bound thereby; and

1

c. Neither the defendant, nor any non-expert witnesses, may possess or retain copies (either hardcopies or electronic copies) of the Protected Documents without the Government's agreement or further order of the Court.

(3) A copy of this Protective Order will be maintained with the Protected Documents and the Defense Teams will undertake appropriate efforts to ensure that other persons with control over the Protected Documents, including any other attorneys who later represent the Defendant, are provided a copy of this Protective Order and are advised of its terms.

Such discovery material may be disclosed by counsel only to the following designated persons: (1) investigative, secretarial, clerical, and paralegal personnel; (2) independent expert witnesses, investigators, or advisors retained by counsel of record in connection with this action; (3) other witnesses testifying to the contents of the document or material; and such other persons as hereafter may be authorized by the Court upon motion of either party.

(4) *Specific Provisions regarding Forensic Interview Discovery*

a. The legal defense team is precluded from copying or otherwise electronically reproducing the forensic interviews. The legal defense team is also precluded from saving and/or uploading the forensic interviews onto the Internet (including any cloud-based storage, social media, and websites), any network, any computer, or any other digital device. Subject to the limitations contained in this Order, the legal defense team may physically or electronically reproduce the transcript of a forensic interview as deemed necessary by defense counsel for use in connection with this case.

b. The legal defense team must store the forensic interview material in a secure physical environment that restricts access solely to members of the legal defense team. Defense counsel shall be responsible and accountable for maintaining, securing, and storing of the forensic interview material, and taking all necessary precautions to prevent unauthorized access.

c. Following a dismissal or acquittal in this case, the defense attorney shall return to the United States the forensic interview material (including all copies of the forensic interview transcripts). Following a conviction in this case, the defense attorney may retain the forensic interview material only if: (A) the defense attorney maintains the forensic interview material in the defendant's case file related to this case; and (B) the defense attorney stores the forensic interview material in a secure physical environment that limits access to such material to the legal defense team for its use in this case.

(4) Counsel of record shall provide a copy of this Protective Order to any designated person to whom they disclose discovery material. Prior to disclosure of discovery material to any designated person, such designated person shall agree to be subject to the terms of the protective order.

SO ORDERED this 3rd day of Aug., 2021.

_____
HONORABLE W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF GEORGIA